GEORGE DUNLAP v THE J. P. DONALDSON COMPANY.

*Set-off and counter-claim.*

No claim can be set off which is not a personal and sole debt of the sole owner or assignor of the claim in suit, where such claim is held by an individual or by an assignee held to the equities binding such individual.

So *held*, where the widow and heirs of a deceased person (some of whom were minors) organized a corporation to carry on the business in which the deceased was engaged, they being the *sole* stockholders, and for which stock the estate was transferred to the corporation, after which the widow received the note of the corporation for a loan made to it, which she transferred, and the holder filed it as a claim against the corporation under the assignment law (it having made a general assignment for the benefit of its creditors), and the assignee sought to set off a claim for moneys drawn from the corpora-

tion business by the widow and used for the benefit of the family, and which were not considered by the corporation as her debt, but as means to be used for all the corporators.

Error to Wayne. (Hosmer, J.) Argued February 12, 1889. Decided February 20, 1889.

Claim under assignment law. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Conely, Maybury & Lucking,* for appellant.

*Griffin, Warner, Hunt & Berry,* for defendant.

SHERWOOD, C. J. The defendant. is a domestic corporation in Detroit. It made a general assignment for the benefit of its creditors, February 9, 1888.

The plaintiff, an assignee of Margaret Donaldson, who had loaned to the defendant $3,000, which was secured by an interest-bearing note, and which he held, filed proof of the same, and asked to have it allowed against the insolvent estate, under chapter 303, How. Stat. The assignee contested the claim under sections 8746, 8747, How. Stat. The case was placed on the law side of the circuit court for the county of Wayne, and when it was tried the defendant claimed that the indebtedness to the claimant should be set off and held to be paid by certain moneys, which it is alleged had been withdrawn from the business of the company, previous to the transfer of plaintiff's claim to him, by Mrs. Donaldson. The circuit court held such moneys were a proper set-off, and so charged the jury, and a verdict was taken for the plaintiff under the charge of the court for $1,000, and allowed the set-off for the balance of the note. The proceedings are complained of by the plaintiff, who has brought them before us for review.

From the record it appears Mrs. Donaldson's husband,

J. P. Donaldson, died in June, 1886; that at the time of his death he lived in Detroit, and carried on the business of dealing in vessels and supplies, and had thus been engaged for several years previous; that he was worth about $25,000; that he left, besides his widow, eight children, all of whom were minors except two, whose names were Anna and William G. Donaldson; that the deceased left a homestead, which was occupied by the family, and upon which there was a mortgage; that Mrs. Donaldson continued to reside in the homestead, and was the head of the family, her children all living with her; that she was appointed guardian for all the minor children, and administratrix of her husband's estate, in the month of August after his death; that, besides her interest in the estate, she had $15,000, which she received upon policies of insurance upon her husband's life; that after Mr. Donaldson's death her only means of support for herself and family were what she could derive from the estate, and what she had received upon the life-policies; and that the only business available to her was the business in which her husband was engaged at the time of his death, and in which the estate was then invested, and which was mostly in vessel supplies.

It further appears that on or about December 31, 1886, an inventory of the assets and indebtedness was taken, which then showed the estate worth $26,500 over its liabilities; and for some reason, which does not very clearly appear in the record, Mrs. Donaldson was induced to place the assets of the estate in a corporation which was then organized for conducting the business. This seems to have been under the advice of some one. The company was organized under the name of the "J. P. Donaldson Company," with a capital stock of $75,000, and all the stock which was issued was issued to the widow and her eight children; she being made president of the

company, and receiving one-third of the stock, and each of the children one-eighth of the other two-thirds. The estate was transferred to the company for this stock. Mrs. Donaldson also contributed to the company $10,000 of her life-insurance money, for which she received stock at its par value, and this included all the stock subscribed for, or which was ever issued. Her son William was vice-president and general manager of the company, and he, his mother, and sister, Miss Anna, were the directors; in other words, this family, with the widow for its head, formed a corporation to carry on the business in which the father was engaged at the time of his death, and the business went on the same as before the corporation was formed.

On February 28, 1887, William wanted $3,000 to pay a debt owing to the Plymouth Cordage Company, and Mrs. Donaldson let him have it from the balance of her insurance money, and he gave to her the corporation's note for the same, payable in one year from that date, with interest at 7 per cent. This note Mrs. Donaldson indorsed and transferred to the plaintiff, and is the one offered for allowance in this case, and it is admitted no part of the same has been paid.

It further appears from the record that Mrs. Donaldson received from the business carried on before the general assignment was made money to pay the usual expenses in caring for the family at the homestead; that some of the money she received personally and some from William; and that some of the household expenses were paid by William, and some by Anna; and that none that Mrs. Donaldson ever received did she ever agree to pay back; and that no one expected that she would do so, or be called upon to do so; and that all the family shared in the proceeds thereof. Mrs. Donaldson testified that she supposed she had a right, and that the family had a right, to live

out of the proceeds of the business, and that was the understanding of all of them; that the moneys she received were used for all sorts of necessary family expenses and purposes, and that in making purchases for such purposes she paid out considerable sums from her own money which she had received for insurance; that the moneys, as appears from William's testimony, which were so used, were entered upon a book under the head of "Estate of J. P. Donaldson," and that the amount thereof during the time the company did business amounted to the sum of $4,070.57, and that about one-half of this amount was used by or under the direction of Mrs. Donaldson for household and family expenses.

It also appeared from the testimony that the appraisement of the assets of the corporation, which was made when the assignment was executed, on the basis of 60 per cent. of the cost of the goods, amounted to $38,000, and the amount of the indebtedness to $52,000. It also appeared that, after taking account of stock in the usual manner, on December 31, 1887, the company declared a dividend of $1,200, and that the money used by the widow from the business for her own personal needs did not exceed $300, and that the entire family consented to the use of all the money she received for family expenses.

Under the charge of the court, $2,000 and the interest thereon of the money thus received and disbursed by Mrs. Donaldson was allowed as set-off against the plaintiff's note, against his objection and exception.

Counsel for plaintiff present two questions for our consideration:

1. Could the moneys so used by Mrs. Donaldson be set off against plaintiff's claim?

2. If so, should not the amount be limited to what she received after the company became insolvent?

The set-off claimed cannot be sustained either at law or

in equity. It very clearly appears that the family of J. P. Donaldson were entitled to their support from his estate for several years at least after he died, and until his estate was settled. He left a widow and six minor children. They were entitled to their support until they all became of age, and neither the widow nor adult children could lawfully deprive them of such support from the estate. The funds or property the widow allowed to be used in the corporation as she did, she had no right to allow for any such purpose, and what she obtained from the corporation, and made lawful use of in the support of the family, was entirely proper, and she created no liability against herself therefor in so doing, and it does not appear she went beyond this. If she created no liability to the corporation in what she did, certainly the assignee of the insolvent estate cannot claim any, and this disposes of the right to set off against the note the claim the assignee now makes. The plaintiff is entitled to make the same defense against the claimed set-off that Mrs. Donaldson could have made had she not transferred her interest in the note to him.

The judgment at the circuit must be reversed, and, as there is no question raised except the right to set off against plaintiff's claim, which cannot be done, the note of plaintiff should be allowed in full, and the circuit court enter a judgment accordingly, with costs of both courts.

CAMPBELL, J. I concur in holding that the set-off is not allowable. No claim can be set off which is not a personal and sole debt of the sole owner or assignor of the claim in suit, where such claim is held by an individual or by an assignee held to the equities binding such individual. Mrs. Donaldson never owed the corporation, and the money which was drawn from it was not con-

sidered by the corporation as her debt, but as means to be used for all the corporators. If she was not regarded in the transaction as a debtor of the corporation, there was no claim to set off. There was no testimony tending to prove any such thing.

As this suit is a common-law action in form merely, and for the purpose of settling the creditor's claim against the corporate estate, it should be ordered that the set-off be not allowed, and that plaintiff's claim should be allowed in full.

CHAMPLIN, MORSE, and LONG, JJ., concurred with CAMPBELL, J.